IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| **INTERSTATE REALTY COMPANY**, a Tennessee general partnership,<br><br>**Plaintiff**,<br><br>v.<br><br>**WESTRIDGE COMMONS DEVELOPMENT, LLC**, a West Virginia limited liability company,<br><br>**Defendant.** | **CIVIL ACTION NO.): 1:23-CV-10 (JUDGE KLEEH)** |

### REPORT AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION [ECF NO. 7] FOR DEFAULT JUDGMENT FOR A SUM CERTAIN BE GRANTED

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 9] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge, on May 3, 2023. By the Referral Order, Judge Kleeh designated and authorized the undersigned to enter a report and recommendation, and do all things proper to render the same, as to the pending motion for default judgment [ECF No. 7], filed by Plaintiff on May 2, 2023. By its motion, Plaintiff requested that the Court enter default judgment for a sum certain against Defendant in the amount of $120,000.00, plus interest and costs of collection, including attorneys' fees, for a total of $143,254.00. As summarized below, the sum certain requested has altered slightly since the time of Plaintiff's filing of the motion, such that the final sum certain sought is $145,416.50.

The undersigned convened a hearing, by videoconference, concerning the motion on June 7, 2023. Appearing at the hearing were the following persons on behalf of Plaintiff: Holly Planinsic and Jacquelyn Cowan, Counsel for Plaintiff, J. Michael Nidiffer ("Nidiffer") corporate

1

representative of Plaintiff, and Michael Hamlin, in-house counsel for Plaintiff. Defendant did not appear through any counsel or corporate representative.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced this action on January 24, 2023, when it filed its Complaint against Defendant, alleging Breach of Contract. [ECF No. 1]. Plaintiff alleged that Defendant was liable to Plaintiff for a "sum certain" of $120,000.00, plus interest and costs of collection, including attorneys' fees and costs. Id. at 4.

As for the factual allegations, Plaintiff states that it entered into a contract ("Commission Agreement") with Defendant on or about April 5, 2021, whereby Plaintiff agreed to secure retail tenants and leases for the mixed-used real estate development established by Defendant. [ECF No. 1, at 2]. Plaintiff claims that at the time of signing the Commission Agreement, Plaintiff had secured and acquired signed leases from various retail tenants for locations at the site of Defendant's development. Id. In exchange, Defendant was to pay Plaintiff a commission of $235,000.00. Id. at 3. Plaintiff alleges that the first installment payment of the commission, in the amount of $117,500.00, was due by May 5, 2021. Id. Plaintiff states that it received only a partial payment toward the first installment in the amount of $115,000.00, on or around June 14, 2021, leaving a deficiency of $2,500.00. Id. Plaintiff also alleges that the second and final payment of the commission was due by June 30, 2022, also in the amount of $117,500.00. Id. Plaintiff states that invoices for the second payment were sent to Defendant, but as of the date of the Complaint, Plaintiff had received no amounts toward the second and final payment of the commission. Id.

The Summons and Complaint were served on Defendant on March 23, 2023. [ECF No. 3]. However, Defendant did not respond to the Summons and Complaint. On April 27, 2023, pursuant to Plaintiff's request [ECF No. 4], the Clerk of the Court entered default against Defendant. [ECF

No. 5]. On May 2, 2023, Plaintiff filed the motion [ECF No. 7] for default judgment, which is the subject of this Report and Recommendation.

On May 2, 2023, Defendant accepted service of Clerk's Entry of Default. [ECF No. 11]. On May 10, 2023, Defendant also accepted service [ECF No. 12] of the Order [ECF No. 10] by which the undersigned scheduled the above-noted hearing of June 7, 2023. However, Defendant did not respond in any way to these filings or otherwise appear herein.

## II. SUMMARY OF HEARING OF JUNE 7, 2023, INCLUDING PLAINTIFF'S PRESENTATION REGARDING DEFAULT FOR SUM CERTAIN

At the hearing before the undersigned, Defendant did not appear by representative, or by counsel. In the course of the hearing, the Court received three exhibits into evidence, labeled Plaintiff's Exhibit A – Commission Agreement, Plaintiff's Exhibit B – Affidavit of Amount Due, and Plaintiff's Exhibit C – Attorney's Fees, respectively. [ECF Nos. 13-1, 13-2, 13-3].

Plaintiff's counsel called Nidiffer to testify. Nidiffer is the affiant who signed the sworn statement [ECF No. 13-2] concerning amounts due. Nidiffer explained that he is one of the owners of Plaintiff, which provides commercial real estate services. Nidiffer testified that Plaintiff's Exhibit A [ECF No. 13-1] is the five-page Commission Agreement executed by himself and Ryan Lynch, Authorized Representative for Defendant, by which Defendant engaged Plaintiff as a consultant for Defendant's development project. Nidiffer testified as to the services Plaintiff provided to Defendant under the Commission Agreement, including assisting with the site plan, procuring tenants, and facilitating the signing of leases of tenants. Nidiffer explained that Defendant was required to negotiate the leases and rents, and that Plaintiff was entitled to a resulting payment under the Commission Agreement. Nidiffer explained that the payment agreement was to be in two installments: one installment $117,000.00, due when the tenants signed

3

leases, and the second installment of $117,500.00 due within thirty (30) days after all the tenants' stores had opened.

Nidiffer testified that a _partial_ payment of first installment was made in the amount of $115,000.00, which is $2,500.00 short of the agreed amount. Per the Complaint [ECF No. 1, at 3], the second payment would have been due on or about June 30, 2022, at the latest. However, Nidiffer testified that Plaintiff did not receive the second payment, neither in whole nor in part. Nidiffer testified that $120,000.00 thus remains due from Defendant under the Commission Agreement.

Nidiffer testified that he made several attempts to communicate with Defendant about the unpaid commission, with no response. Nidiffer stated that he had also not received any communication from Defendant about the instant civil action. Nidiffer testified that the Commission Agreement provided for further damages including a finance charge of 1.5 percent, per month, and recovery of reasonable attorney fees and expenses from litigation to recover payment.

Nidiffer represented that he signed Plaintiff's Exhibit B. [ECF No. 13-2]. Referring to Paragraph 10 of Exhibit B, Nidiffer stated that as of the date of the affidavit, the finance charges allowable under the Commission Agreement for the time period of non-payment amounted to $18,000.00. Nidiffer also testified to legal fees incurred by Plaintiff in collecting payment from Defendant, namely, $4,800.00 in attorney's fees (an approximate number, with a final, exact figure as reflected below) and $454.00 in costs, all as shown in Paragraph 11 of Exhibit B.  At bottom, Nidiffer testified, the total amount reflected in the affidavit [ECF No. 13-2] is $143,254.00, but that Plaintiff was seeking an additional finance charge of $1,800.00 through June 1, 2023, as well

4

as an additional amount for attorney's fees and costs incurred since the time of making the affidavit.

The undersigned inquired of Plaintiff's counsel, Holly Planinsic, about Plaintiff's Exhibit C [ECF No. 13-3], reflecting attorney's fees and costs incurred. Counsel stated that she prepared this document, and that the numbers listed therein were accurate in reflecting fees and costs incurred in the amount of $4,404.50, through April 28, 2023. Counsel also stated that additional attorney's fees were incurred since preparing Plaintiff's Exhibit C, amounting to $1,200.00 (inclusive of those incurred related to the hearing before the undersigned). Counsel stated that $12.00 in additional costs were incurred, too. Counsel thus stated that the total of attorney's fees and costs incurred are $4,404.50, plus $1,212.00, for a total of $5,616.50.

The undersigned inquired as to the additional finance charge testified to by Nidiffer, in the amount of $1,800.00. Counsel stated that the additional finance charge was for the period from when the affidavit was made until June 1, 2023. Counsel also stated that Plaintiff was seeking post-judgment interest at the rate permitted by law.

To summarize the total amount sought, then, Plaintiff claims the following:

| | |
|---|---|
| Second installment due | $117,500.00 |
| First installment remainder due | $2,500.00 |
| Finance charges | $18,000.00 |
| Finance charge since affidavit date | $1,800.00 |
| Attorney's fees and costs initially incurred | $4,404.50 |
| Attorney's fees and costs later incurred | $1,212.00 |
| **TOTAL** | **$145,416.50** |

Finally, Counsel made several representations to the Court, including that she was the individual who filed the Complaint; that Defendant was served properly; that Defendant did not respond; and that Defendant received notice of the Clerk's Entry of Default, and of the subsequent hearing before the undersigned as to default judgment, as reflected in the docket entries herein. Counsel stated that she had had no communication from Defendant or its counsel.

### III. ANALYSIS AND FINDINGS

In review of Plaintiff's motion for entry of default judgment [ECF No. 7] and supporting materials, and in receiving Plaintiff's testimony and argument at the hearing of June 7, 2023, the undersigned **FINDS** that entry of default judgment in Plaintiff's favor against Defendant is appropriate. As Plaintiff rightly notes, the governing rule provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Put another way, then, the undersigned **FINDS** that Plaintiff has substantiated the sum certain for which it seeks entry of default judgment against Defendant, through the testimony, argument, and exhibits summarized above.

Plaintiff's affidavit accompanying its motion, by which its representative explains the calculation of the sum certain, arguably is sufficient under Fed. R. Civ. P. 55(b)(1). However, the undersigned's finding is aided by Plaintiff's corresponding explanation of the computation of the sum certain – by witness testimony and Counsel's representations– offered at the hearing before the undersigned on June 7, 2023. At this hearing, and as spread upon the record, Plaintiff relied on its Exhibits A, B, and C, and gave context and explanation for the same. In end, there is nothing of record to indicate that Defendant did not enter into the contract as alleged, nor is there anything

to contradict the allegations that Defendant failed to make payments as required. And there is nothing to contradict that Plaintiff incurred attorney's fees and costs as claimed.

Perhaps most notably, Defendant has presented no evidence or argument to the contrary of Plaintiff's arguments, claims, and calculations. Despite being served with the Complaint, and receiving multiple notices of proceedings herein, and having multiple opportunities to engage in the process, Defendant has failed to appear and offer anything to the contrary. Nor, in the undersigned's own review of Plaintiff's evidence and argument, and provisions at law relied upon, does Plaintiff appear to be incorrect. Thus, in view of Plaintiff's evidence and argument in its own right, and lacking evidence and argument to the contrary, the undersigned **FINDS** that Plaintiff has substantiated its claim for the sum certain as sought herein.

## IV. RECOMMENDATIONS AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion [ECF No. 7] for default judgment, and direct the Clerk of the Court to enter an order of default judgment by which the Court grants judgment for Plaintiff, against Defendant, for a sum certain in the amount of **$145,416.50 (inclusive of damages and reasonable attorney's fees and costs) plus post-judgment interest** under 28 U.S.C. § 1961, at the rate of interest established thereby, from the date of the Court's judgment order until the date judgment is paid.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the presiding District Judge. Objections shall not

exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia, as well as to Defendant by certified mail, return receipt requested.

**DATED**: June 12, 2023.

[signature]
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE