```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**INTERSTATE REALTY CO., a**
**Tennessee general partnership,**

      **Plaintiff,**

  v.                                          **CIVIL NO. 1:23-CV-10**
                                                          **(KLEEH)**

**WESTRIDGE COMMONS DEVELOPMENT,**
**LLC, a West Virginia**
**limited liability company,**

      **Defendant.**

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 15] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 7]

On November 1, 2019, the plaintiff, Interstate Realty Company ("Plaintiff"), filed this lawsuit against Westridge Commons Development, LLC ("Defendant"), alleging breach of contract. The Clerk of the Court entered default pursuant to Federal Rule of Civil Procedure 55(a) on April 27, 2023 [ECF No. 5].

On May 2, 2023, Plaintiff filed the pending motion seeking entry of default judgment against Defendant, pursuant to Federal Rule of Civil Procedure 55(b)(1) [ECF No. 7]. The Court referred this motion to United States Magistrate Judge Michael J. Aloi [ECF No. 9]. After conducting an evidentiary hearing on June 7, 2023, the magistrate judge entered a Report and Recommendation ("R&R") recommending that the Court grant Plaintiff's motion for default judgment for a sum certain [ECF No. 15]. Specifically, the magistrate judge found that Plaintiff had substantiated the claim for a sum certain and that it

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 15]  AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 7]**

was entitled to entry of default judgment against Defendant in the amount of $145,416.50, plus post-judgment interest.  Id. at 6-7.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection." Id. at 7.  It further warned them that the "[f]ailure to timely file objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals."  Id. at 8. To date, no objections have been filed.

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C).  Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)).  Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous.  See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Because no party has objected, the Court is under no obligation to conduct a de novo review.  Accordingly, it has reviewed the R&R for clear error.  Finding none, the Court **ADOPTS** the R&R in its

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 15] AND GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 7]**

entirety [ECF No. 15] and **GRANTS** Plaintiff's motion for default judgment [ECF No. 7]. It further directs the Clerk to enter an order of default judgment for a sum certain in favor of Plaintiff and against Defendant in the amount of $145,416.50 in damages, plus post-judgment interest pursuant to 28 U.S.C. § 1961. The Clerk is further directed to retire this action from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed shall transmit copies of this Order to counsel of record via email and Defendant, via certified mail, return receipt requested, at its last known address.

**DATED:** August 8, 2023

_/s/ Tom S Kleeh_
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA

3